UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MARTINO,<br>    *Plaintiff*,<br>        *v.*<br>METRO NORTH COMMUTER RAILROAD COMPANY, ASSOCIATION OF COMMUTER RAIL EMPLOYEES, Local Division 9, and MICHAEL F. DOYLE as General Chairman,<br>    *Defendants.* | Civil No. 3:10cv1816 (JBA)<br><br>January 2, 2014 |

**RULING DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Michael Martino moves [Doc. # 84] for reconsideration of the Court's ruling [Doc. # 81] granting judgment on the pleadings (the "Ruling") to Defendants Metro North Commuter Railroad Company, Association of Commuter Rail Employees ("ACRE"), Local Division 9, and Michael F. Doyle, in his representative capacity as Chairman of ACRE. Plaintiff brought a hybrid claim under the Labor Management Relations Act, 29 U.S.C. § 185, and a claim to vacate an arbitration award under the Railway Labor Act, 45 U.S.C. § 153, based on discipline that he received as a result of two brake test violations in August 2009. For the reasons that follow, Plaintiff's motion is denied.

**I.      Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

## II.   Discussion

Plaintiffs asserts that there are six "matters overlooked by the Court." (Pl.'s Mem. Supp. # 84-1] at 2.) *First*, in support of his claim that Defendant Doyle breached his duty of fair representation ("DFR") when he failed to "progress" or appeal Plaintiff's three prior disciplinary infractions from 1997, 1998, and 2000 to the Special Board of Adjustment ("SBA") (*see* 2d Am. Compl. ¶ 30), Plaintiff "disputes that he chose not to have the outstanding cases presented before SBA 959 prior to his dismissal and reinstatement order" (Pl.'s Mem. Supp. at 2). The Court addressed this argument in its Ruling, stating that "[t]his allegation contains insufficient factual matter to state a claim to relief because, as Plaintiff's counsel conceded during oral argument, there is no express allegation in the Second Amended Complaint that Plaintiff even requested that the three previous disciplinary actions be progressed, nor how this failure could constitute a breach of the DFR." (Ruling at 12–13.) Plaintiff now asserts for the first time—without citation to the Second Amended Complaint or any evidence in the record—that he had written a letter to Doyle requesting that these incidents be progressed but Doyle failed to do so.

2

(Pl.'s Mem. Supp. at 2.)  The Court cannot, however, consider facts and arguments presented for the first time on a motion for reconsideration.  *See Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("A motion for reconsideration is not the appropriate mechanism for a party . . . to advance new facts, issues, or arguments not previously presented to the court.").  Even if this evidence were properly before the Court, Plaintiff has still failed to establish that this alleged conduct was "arbitrary, discriminatory or in bad faith" rather than "mere negligence or errors of judgment."  *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43–44 (2d Cir. 1989) (internal quotation marks omitted).  Accordingly, there is no basis for the Court to reconsider its conclusion that Plaintiff failed to state a claim for breach of the DFR.

*Second*, Plaintiff again "disputes" that he was provided with timely notification of the two violations from August 2009 that led to his termination, and asserts that this lack of notification was in violation of the collective bargaining agreement.  (Pl.'s Mem. Supp. at 4; *see also* Ruling at 4.)  Plaintiff advanced this argument in the Second Amended Complaint (*see* 2d Am. Compl. ¶ 17) and his opposition brief (Pl.'s Opp'n [Doc. # 85] at 10), and now cites only the Complaint to reassert it.  However, Plaintiff points to no evidence or argument that the Court overlooked in concluding that the record was inconsistent with this allegation.  (*See* Ruling at 4–5.)  Accordingly, Plaintiff merely seeks to relitigate this claim and reconsideration is denied.

*Third*, Plaintiff asserts that the Court "overlooked the fact that" his Federal Railroad Administration Locomotive Engineer's Review Board ("LERB") appeal was pending at the time of the SBA hearing and that Doyle failed to argue that the SBA "Arbitration should not have gone forward until a decision came down from the LERB."

(Pl.'s Mem. Supp. at 3.) In its Ruling, the Court addressed this same argument and concluded that "[c]onsidered either separately or taken together" with four other actions allegedly taken by Doyle, "Plaintiff's factual claims fall short of the type of conduct which could state a claim for breach of the DFR, i.e., action that is 'so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests.'" (Ruling at 12 (quoting *Barr*, 868 F.2d at 43).) Plaintiff does not point to any matter overlooked by the Court in reaching this conclusion but rather seeks to relitigate, arguing that there "is no plausible explanation for Doyle to have failed to make this argument" and "[i]t had to be more than negligence because Doyle was experienced and familiar with this argument." (Pl.'s Mem. Supp. at 4.) Having set forth no valid grounds for reconsideration, reconsideration must be denied.

*Fourth*, in support of his allegation that he was denied due process because there was no transcript of the SBA proceedings as required by 45 U.S.C. § 153 First(q) (2d Am. Compl. ¶ 36), Plaintiff disputes the Court's conclusion that "45 U.S.C. § 153 *Second*, which governs the proceedings for Special Adjustment Boards," does not require a transcript of the proceeding (Ruling at 21.)[1] The Court concluded that 45 U.S.C. § 153 First(q)'s requirements were not applicable to SBA hearings, because § 153 First discusses only proceedings before the Adjustment Board, while § 153 Second applies to SBAs and

---

[1] 45 U.S.C. § 153 First(q) provides that if an employee files a petition in district court challenging the decision of the Adjustment Board, the "Adjustment Board shall file in the court the record of the proceedings on which it based its action." Contrary to Plaintiff's assertion, by its own terms, this provision does not require that a hearing be transcribed but rather provides that if a transcript is produced, it—along with the rest of the record—must be transmitted to the district court.

has no comparable provision regarding records. (*See* Ruling at 21.) Citing *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 246 n.6 (2d Cir. 2008), Plaintiff notes that the Second Circuit and other courts of appeals have applied the requirements of 45 U.S.C. § 153 First to SBAs. Defendants assert that *Ollman* is inapposite because it only applied the notice provision of 45 U.S.C. § 153 First(j) to SBAs, and not the record provision of § 153 First(q). (Defs.' Opp'n [Doc. # 85] at 5.)

Although Plaintiff failed to advance this argument in his original opposition, the Court agrees that its original conclusion was misplaced and a number of the courts of appeals' decisions cited by the Second Circuit in *Ollman* have held more broadly that all of the procedures of § 153 First apply to SBAs under § 153 Second. *See, e.g., Bhd. of Ry., Airline, & S. S. Clerks, Freight Handlers, Express & Station Emp. v. St. Louis Sw. Ry. Co.*, 676 F.2d 132, 135 (5th Cir. 1982) ("The Public Law Boards authorized by 45 U.S.C. § 153 Second serve as private alternative forums to the National Railroad Adjustment Board and must conform to the same procedural restraints imposed on the Adjustment Board by § 153 First.").

Nevertheless, this is not a basis for reconsideration of the conclusion that Plaintiff failed to state a claim that the SBA denied him due process. The provision upon which Plaintiff relies, by its own terms, does not require that a hearing be transcribed but simply provides that any record produced must be transmitted to the district court. *See* 45 U.S.C. § 153 First(q). Plaintiff now asserts that "[p]resumably the Arbitrator took notes (recording the proceedings), yet nothing was turned over [to] the Court in accordance with" § 153 First(q). (Pl.'s Mem. Supp. at 4.) Plaintiff states no facts to support his

5

presumption, and even if accepted as true, any failure by the SBA to transmit records after Plaintiff's hearing does not render deficient the process afforded to Plaintiff beforehand.

In rejecting Plaintiff's claim that the failure to produce a transcript combined with a multitude of other deficiencies collectively deprived him of due process (*see* 2d Am. Comp. ¶ 36), the Court noted that "[t]here is no due process violation where 'notice is provided and the deprivation at issue can be fully remedied through the grievance procedures provided for in a collective bargaining agreement.'" (Ruling at 20 (quoting *Adams v. Suozzi*, 517 F.3d 124, 128 (2d Cir. 2008).)  Plaintiff's conclusory assertion that the SBA may have failed to comply with a ministerial requirement to transmit records to this Court is insufficient to alter the Court's conclusion under the deferential standard of review applicable that the SBA hearing itself afforded adequate process to Plaintiff.  *See United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 810 (2d Cir. 2009) ("The Supreme Court has characterized the scope of judicial review of a labor board's decision as 'among the narrowest known to the law.'" (quoting *Union Pac. R.R. Co. v. Sheehan,* 439 U.S. 89, 91 (1978)).  Accordingly, reconsideration is denied.

*Fifth*, Plaintiff asserts that his allegation that he was unable to call witnesses at the hearing (*see* 2d Am. Compl. ¶ 36), "is sufficient to plausibly show that he was deprived of his right to due process" (Pl.'s Mem. Supp. at 5.)  The Court concluded that this allegation failed to state a claim, because Plaintiff's "complaint does not include facts attributing his inability to call witnesses to the *SBA*." (Ruling at 21.)  Plaintiff now asserts that "[i]t can be reasonably inferred based on the allegation of lack of due process that the inability to call witnesses was because the Arbitrator would not allow it." (Pl.'s Mem. Supp. at 5.)  In support of this assertion, Plaintiff cites only his allegations in the complaint that the

Board "was not presented with a statement of the facts and all supporting data bearing upon the dispute" and references the witnesses he was unable to call. (*See* 2d Am. Compl. ¶ 36.) The Court already considered and discussed this portion of the Complaint in its Ruling. Furthermore and contrary to Plaintiff's assertion, these allegations provide no factual basis upon which the Court could reasonably infer that there was any conduct by the SBA that deprived Plaintiff of due process. *See D'Elia v. New York, N. H. & H. R. R.*, 230 F. Supp. 912, 915 (D. Conn. 1964) *aff'd*, 338 F.2d 701 (2d Cir. 1964) ("[I]t is only a denial of due process by some conduct of the NRAB in the making of an award which invests the District Courts with jurisdiction to review that award, when they would not otherwise have the power to do so."). As Plaintiff solely seeks to relitigate the Court's conclusion on this count, there is no basis for reconsideration

*Finally*, Plaintiff again asserts that the arbitrator wrongly considered past disciplinary actions against Plaintiff that had been expunged. (Pl.'s Mem. Supp. at 6.; *see also* 2d Am. Compl. ¶ 37.) Reviewing the record, the Court concluded that "given the clear language of the Award and its justification for imposing severe discipline on Plaintiff as a result of his 2009 brake violations, Plaintiff's allegation that he was subject to harsher discipline than if his past discipline had not been mentioned is speculation without facts to show its plausible merit." (Ruling at 20.) Plaintiff does not attempt to assert any valid grounds for reconsideration of this conclusion, and instead merely seeks to relitigate the Court's conclusion, arguing that "it makes no sense that plaintiff would have been dismissed" otherwise. (Pl.'s Mem. Supp. at 6.) Accordingly, reconsideration is denied.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion [Doc. # 84] for reconsideration is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of January, 2014.